## J. D. KLINE ET AL. *v.* BAKER FLAUGHER.

**Husband and Wife—Sale of Wife's Real Estate—Coercion.**

Where the evidence fails to establish any act or acts upon the part of the husband tending toward coercion, the questions of delicacy and propriety cannot be considered by courts of justice.

APPEAL FROM BRACKEN CIRCUIT COURT.

September 30, 1871.

OPINION BY JUDGE LINDSAY:

The deed from Mrs. Flaugher and her husband to Stephen B. Flaugher is valid if made by the wife without coercion or undue influence upon the part of the husband.

The evidence wholly fails to establish any act or acts upon his

part tending in the slightest degree towards coercion. Whilst it is more than probable that he contracted the marriage from mercenary motives, it does not appear that the wife was ever cognizant of, or even suspected that such was the fact. The evidence leaves no doubt but that she entertained for her husband a sincere affection, and we are inclined to the opinion that the conveyance herein sought to be vacated, was freely and willingly executed by her on account of such affection.

There was nothing unnatural nor unreasonable in the action of the wife in the premises, and although her health was exceedingly delicate it seems that her mind was not impaired at the time of the execution of the deed.

Questions of delicacy and propriety can not be considered by courts of justice in such cases as this. The appellee under the law is entitled to the relief granted him by the judgment of the court below. Wherefore said judgment must be affirmed.

*Clark, Marshall, Taylor, for appellant.*

*Menzies, Furber, for appellee.*